UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAINBRIDGE TAXPAYERS UNITE, a Washington non-profit corporation; LEE ROSENBAUM, an individual; JANICE PYKE, an individual; and MICHAEL POLLOCK, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>THE CITY OF BAINBRIDGE ISLAND, a municipal corporation; KOLBY MEDINA, an individual; MORGAN SMITH, an individual; and JOHN AND JANE DOES 1-100, other unknown individuals or legal entities who participated in the complained of conduct,<br><br>      Defendants. | No.  3:22-cv-05491-TL<br><br><br>DEFENDANTS CITY OF BAINBRIDGE ISLAND, KOLBY MEDINA, AND MORGAN SMITH'S MOTION TO DISMISS<br><br><br>**NOTE ON MOTION CALENDAR: August 5, 2022** |

## I.  INTRODUCTION

  Wrapped in the guise of RICO[1] and ethics violations, Plaintiffs' Complaint challenges the City of Bainbridge Island's ("City's") legislative decision to purchase property for a new police-court facility. Plaintiffs, who all disagree with the City's decision, include a sitting councilmember ("Pollock"), who voted against the proposal, and property owners ("Rosenbaum-

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Pyke"), who wish the City had purchased their property instead.[2] The Complaint contains detailed factual allegations as to why Plaintiffs disagree with the City's decision. *See* Complaint, ¶¶ 11-33 (setting forth the Plaintiffs' detailed criticisms of the City's decision to purchase the Harrison Medical Center property ("HMC Property")). None of the factual allegations in the Complaint supports the serious claims Plaintiffs allege in this case.

Unsuccessful in their efforts to persuade the City to purchase other property for its project, Plaintiffs now assert RICO claims again a former City Councilmember ("Medina") and a former City Manager ("Smith") involved in the decision to acquire the HMC Property. Tellingly, the Complaint includes ***no facts*** to support these RICO claims. Plaintiffs' hypothetical claimed injuries, based primarily on the baseless assumption that the City otherwise would have purchased the Rosenbaum-Pyke property, are insufficient to confer standing to bring a RICO claim. Moreover, Plaintiffs fail to allege sufficient racketeering activity, any facts to support mail or wire fraud, or any nexus to interstate commerce. Plaintiffs' baseless RICO claims cannot be remedied through amendment and this Court should dismiss them.

Likewise, Plaintiffs' claimed ethics violation by Medina fails as a matter of law. Plaintiffs concede that the City approved purchase of the HMC Property in January 2019. Yet Plaintiffs waited until June 2022 to bring their ethics claim in this case, after the applicable two-year limitations period had run, and after the City issued bonds and entered into several other contracts to proceed with its project. Moreover, Plaintiffs' ethics claim also fails on its merits, as Plaintiffs cannot identify any contract from which Medina financially benefitted. Finally, Plaintiffs cannot establish any entitlement to declaratory relief.

---

[2] The third Plaintiff, Bainbridge Taxpayers Unite ("BTU"), is a nonprofit organization that appears to have been formed solely for the purpose of challenging the City's decision. *See, e.g.*, https://btu-bi.com/ ("When our City Government fails to listen, Legal Action is Required.").

DEFENDANTS' MOTION TO DISMISS - 2
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

This lawsuit is a transparent attempt by Plaintiffs to manufacture a criminal controversy to address their discontent with the City's legislative decision to acquire property. Plaintiffs' grievances may be properly heard in a political forum, not in the courts. For each and all of these reasons, Defendants respectfully ask that this Court dismiss Plaintiffs' Complaint with prejudice under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).

## II.    FACTS

### A.  The Court May Consider the Allegations of and Materials Referenced in the Complaint in Deciding Whether to Dismiss Plaintiffs' Claims.

In deciding this motion to dismiss, the Court may consider the allegations in the Complaint, matters subject to judicial notice, and materials referenced or relied upon in the Complaint—whether or not those materials are physically attached to the pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the Complaint references and relies upon, but does not attach, a complaint ("Ethics Complaint") filed with the City of Bainbridge Island Ethics Board ("Ethics Board") against Defendant Medina and the Ethics Board's decision. Dkt. 1-3, ¶¶ 34-35. Accordingly, this Court may consider the Ethics Board's decision ("Ethics Decision"), which the City attaches in an Appendix to this Motion ("App.").

### B.  The Complaint Alleges Facts Relating to the City's Legislative Decision to Acquire the HMC Property.

The Complaint accurately alleges that the City has been planning to build a new police-court facility for many years. Dkt. 1-3, ¶ 11. At a March 2018 public meeting, the Bainbridge City Council ("City Council") considered acquiring the HMC Property for that purpose. *Id.*, ¶ 15. The City Council also considered acquiring property owned by Plaintiff Rosenbaum-Pyke at that time. *Id.* The Complaint also correctly alleges that no property was selected for the police-court facility in March 2018. *Id.*, ¶ 17.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

In January 2019, the City Council once again considered acquiring property for the police-court facility, including the HMC Property and the Rosenbaum-Pyke property. *Id*., ¶ 21. The Complaint correctly alleges that the City Council authorized acquisition of the HMC Property on January 29, 2019. *Id*., ¶ 26. In March of 2019, the City approved entry into a purchase and sale agreement for the HMC Property for $8,975,000. *See id*., ¶ 30. While the Complaint correctly alleges that three independent appraisals obtained by the City valued the HMC Property in the range of $7.04 to $7.6 million, *see id*., the Complaint omits that the appraisal obtained by the owner of the HMC Property valued the property at $9.7 million, *see* March 26, 2019, City Council Regular Business Meeting Agenda, Item 10.A, Aug 2018 Appraisal – Harrison Bldg – SHH, available at https://www.bainbridgewa.gov/1101/City-Council-Agendas. The Court may take judicial notice of this public document. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (Courts "may take judicial notice of undisputed matters of public record."); *Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 954 n. 3 (9th Cir. 2011) (taking public notice of publicly available city council documents).

## C. Plaintiff Pollock Files an Ethics Complaint Against Then City Councilmember Kolby Medina.

In September 2020, Plaintiff Pollock, through retained legal counsel, filed a complaint with the Ethics Board against Medina, alleging violation of the City of Bainbridge Island Code of Conduct and Ethics Program ("Bainbridge Ethics Code") in connection with the decision to acquire the HMC Property and another matter. Dkt. 1-3, ¶ 34; App. at 1. The Ethics Complaint alleged that, in violation of the Bainbridge Ethics Code, Medina had "direct or indirect contractual employment related to the matter" or had "other significant financial or private interest in that matter." App. at 1. In 2018 and 2019, Medina was a City Councilmember, as well as the President of the Kitsap Community Foundation ("KCF"), a philanthropic organization that

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

builds local philanthropy and provides grants to nonprofit organizations in Kitsap County. Dkt. 1-3, ¶¶ 13, 19. KCF paid Medina a salary. *Id.*, ¶ 19. The Ethics Complaint alleged that board members and doctors employed by HMC donated to KCF, creating a "disabling conflict" for Medina. App. at 2. The Ethics Complaint also alleged that Medina improperly disclosed information obtained in executive session and violated financial disclosure laws. *Id.* at 3.

Contrary to Plaintiffs' characterization in the Complaint in this matter, however, the Ethics Board did not find that any ethics violation occurred with respect to Medina's role in approving the purchase of the HMC Property. Plaintiffs' Complaint alleges that "[i]n responding to the Ethics Board Complaint, the City admitted that Medina had violated the Ethics Code, but made clear that it was not interested in investigating the matter or evaluating its options, including contractual rescission as void as a matter of law, because Medina had moved on from his role as a councilman." *See* Dkt. 1-3, ¶ 35. Plaintiffs' allegation is directly contradicted by the Ethics Decision itself, which this Court may consider because its contents are alleged in the Complaint. *Knievel*, 393 F.3d at 1076. The Ethics Decision dismissed each of the violations alleged against Medina because they were not credible. App. at 6-8.

The Ethics Board noted, in passing, that it previously determined, in response to a second ethics complaint based on the same incident, that it was credible that Medina had disclosed information obtained in executive session. App. at 7. Plaintiffs' Complaint does not discuss this second ethics complaint or explain why it is relevant to this case. *See* Dkt. 1-3. It is not. With respect to the claims that are relevant to this case, the Ethics Decision did "not find it credible that Respondent [Medina] *must have* received some sort of increased pay or other benefit because of those donations." App. at 6-7. Further, the Ethics Decision stated "[i]t would be

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

irresponsible for the Board to assume such a connection when none has been demonstrated." App. at 7.

### III.    STANDARD OF REVIEW

A complaint must be dismissed under Rule 12(b)(6) if it "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Factual allegations must be "specific" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences" are not enough. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal marks omitted); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (mere "labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice" (internal marks omitted)).

Where, as here, a plaintiff's claims include RICO fraud claims, the pleading standard is even higher. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) ("Rule 9(b)[] . . . applies to civil RICO fraud claims. To avoid dismissal for inadequacy under Rule 9(b), [plaintiff's] complaint would need to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." (internal citation omitted)). RICO claims should be dismissed where the factual allegations do not support a plausible inference of intent to defraud and do not exclude reasonable alternative explanations for what occurred. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999-1000 (9th Cir. 2014).

This Court may review a request to dismiss claims for lack of standing under Rule 12(b)(1) in a motion to dismiss. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139–40 (9th Cir. 2003). Finally, "[a] statute-of-limitations defense, if 'apparent from the face of the

DEFENDANTS' MOTION TO DISMISS - 6
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980).

## IV.    ARGUMENT

### A.    Plaintiffs Fail to Plead a Valid § 1962(c) RICO Claim.

RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University, Students Cooperative Ass'n*, 965 F.2d 783,786 (9th Cir.) *abrogated on other grounds by Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005). "The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996); 18 U.S.C. §§ 1964(c), 1962(c). The claim also requires a nexus to interstate commerce. 18 U.S.C. § 1962(a), (b), (c); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989). Thus, a party may not recover damages under RICO unless it can allege both a financial injury to its business or property and a pattern of prohibited racketeering activity. No Plaintiff in this case can allege a valid RICO claim. Rather, as discussed below, Plaintiffs 1) lack standing because they cannot plead a sufficient injury, 2) fail to allege predicate acts sufficient to support a claim of any racketeering activity, 3) fail to allege a pattern of racketeering activity, and lastly 4) fail to allege any interstate activity.

### 1.    Plaintiffs Lack Standing to Bring a RICO Claim Because They Cannot Allege Injury to Their Business or Property.

All Plaintiffs in this case lack standing to bring a RICO claim. Under well-established Ninth Circuit precedent, to establish standing under 18 U.S.C. § 1964, a plaintiff must allege a

DEFENDANTS' MOTION TO DISMISS - 7
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

concrete financial loss proximately caused by defendants' racketeering activity. *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (proximate cause for RICO purposes requires direct relation between injury asserted and alleged injurious conduct (internal quotation omitted)). "Financial loss alone, however, is insufficient. 'Without a harm to a specific business or property interest. . . there is no injury to business or property within the meaning of RICO.'" *Canyon Cnty.*, 519 F.3d at 975 (quoting *Diaz*, 420 F.3d at 900). Moreover, "[i]njury to mere expectancy interests or to an intangible property interest is not sufficient to confer RICO standing." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (holding "[p]urchasers of trading cards do not suffer an injury cognizable under RICO when they do not receive rare cards that they are advertised they have a chance of receiving" (internal quotations omitted)).

For a court to find standing, the claimed injury must be direct, tangible, and monetary. *See e.g. Canyon Cnty*, 519 F.3d at 976 ("a consumer who has been overcharged can claim an injury to her property, based on a wrongful deprivation of her money"); *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 945 F. Supp. 1355, 1383 (D. Or. 1996) (decreased business or increased cost of doing business); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 n.4 (9th Cir. 2002) (lost wages from employers hiring unlawful labor); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 349 F. Supp. 3d 881, 904 (N.D. Cal. 2018) (purchasers paid premium for low-emissions vehicles but did not receive low-emissions vehicles).

On the other hand, where alleged injury is remote, theoretical, or indirectly related to racketeering activity, courts dismiss RICO claims. *See Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010); *Anza*, 547 U.S. at 458-459 (plaintiff's lost profits allegedly caused by

DEFENDANTS' MOTION TO DISMISS - 8
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

defendant competitor's tax fraud are not direct injury sufficient to establish RICO standing); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1095 (C.D. Cal. 2011) (plaintiffs who paid into deferred compensation plans did not suffer injury to property for not receiving any compensation, because payout from the plans was contingent on defendant plan administrator remaining solvent). Generally, plaintiffs' "lost opportunity to realize a profit on their real estate" or a "lost investment bargain" is not a sufficient RICO injury. *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1232-1235 (D. Colo. 2010) (plaintiffs purchased real estate expecting it to be worth "recorded price," then discovered it was worth less, but did not allege they paid more than real estate was actually worth. Court would not confer standing because plaintiffs had "not lost money on the property."). Where a business opportunity is only prospective, the loss of that prospective business opportunity is too speculative to confer standing for RICO purposes. *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1204-05 (C.D. Cal. 2008); *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir. 1990).

Here, as discussed below, Plaintiffs have not and cannot allege any injury sufficient to confer standing under RICO.

### a. __Plaintiffs' claimed expectancy injuries are insufficient to confer standing.__

Plaintiffs Rosenbaum-Pyke and BTU's claimed injuries are premised on the assumption that if the City had not purchased the HMC Property, it would have purchased the Rosenbaum-Pyke property instead. *See* Dkt. 1-3, ¶ 50 (alleging that Rosenbaum-Pyke were injured when they did not receive payment for the City's purchase of their property and that BTU was injured when the City "overpa[id]" by purchasing the HMC Property instead of the Rosenbaum-Pyke property). Plaintiffs, however, fail to allege any facts to support the conclusion that the City would have selected the Rosenbaum-Pyke property if it had not selected the HMC Property. *See*

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*generally* Dkt. 1-3. In fact, Plaintiffs' concede that the City Council voted 4-3 to select the HMC Property, meaning that if Medina had not participated, the vote would have resulted in a tie. *Id.*, ¶ 26. Plaintiffs also concede that the City had been deliberating over property selections "[f]or years" and that it previously considered, but did not select, the Rosenbaum-Pyke property in 2018. *Id.*, ¶¶ 11, 15-17. In short, there are no facts alleged in the Complaint that support Plaintiffs' claimed injuries.

Moreover, Plaintiffs' claimed expectancy in the sale of the Rosenbaum-Pyke property is insufficient to support a RICO claim as a matter of law. Plaintiffs cannot allege that Rosenbaum-Pyke were under contract to sell their property to the City, because even Plaintiffs concede that never occurred. *See* Dkt. 1-3, ¶ 26. Absent such allegations, Plaintiffs' claim constitutes a mere expectancy, that is, the hope that the City might have purchased their property. Such an expectancy is not an injury to business or property sufficient to support a RICO claim. *Chaset*, 300 F.3d at 1087. While in *Diaz*, the Ninth Circuit held that a party may have a sufficient injury for RICO purposes where state law protects an entitlement to prospective contractual relations, it did not create RICO standing based on every lost opportunity. 420 F.3d at 901 ("the dissent is wrong to suggest that our approach would confer standing on any plaintiff RICO-suave enough to allege lost employment"). While Washington law protects a business expectancy from tortious interference, that claim requires the existence of a valid business expectancy. *Commodore v. Univ. Mech. Contractors, Inc.*, 120 Wash.2d 120, 137(1992); *Life Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 337 (2015) ("A plaintiff must show future business opportunities are a reasonable expectation and not merely wishful thinking." (internal quotation omitted)).

Washington law does not protect a legal entitlement to enter into a particular purchase and sale agreement between a particular buyer and seller, where there is no reasonable

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

expectation that the agreement will necessarily come to fruition. Here, Plaintiffs cannot allege that they expected the City to purchase their property, rather they only allege that they thought the City should have purchased their property. Plaintiffs cannot allege an injury to any valid business expectancy.

In sum, Plaintiffs lack standing to bring their RICO claim on the basis that Rosenbaum-Pyke did not sell their property to the City or that the City overpaid as compared to the Rosenbaum-Pyke property.

**b.  The City's alleged overpayment does not directly injure Plaintiffs.**

In addition to being an expectancy interest, Plaintiff BTU's allegation that it was injured when the City overpaid for the HMC Property does not constitute an injury to any Plaintiff. *See* Dkt. 1-3, ¶ 50. Taxpayers do not have standing to bring RICO claims against defendants who injure governments with racketeering activity. *Daley's Dump Truck Serv., Inc. v. Kiewit Pac. Co.*, 759 F. Supp. 1498, 1504 (W.D. Wash. 1991), *aff'd sub nom. Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303 (9th Cir. 1992) *abrogated on other grounds by Diaz,* 420 F.3d 897 (citing *Carter v. Berger*, 777 F.2d 1173 (7th Cir.1985); *Ill. ex rel. Ryan v. Brown*, 227 F.3d 1042, 1045-46 (7th Cir. 2000). Generally, plaintiffs cannot establish requisite injury when racketeering acts such as fraud are directed against the government. *Daley's Dump Truck Serv.*, 759 F. Supp. at 1503-04 (plaintiff minority owned business lacked standing to bring RICO claim against defendant business that allegedly subverted state run minority business program with bribes, because plaintiff was not target of bribes and had no property right in the mere desire to obtain business). In *Anza*, the plaintiff accused its competitor of gaining market share by not paying New York state taxes, causing the plaintiff to lose business. 547 U.S. at 457-58. The Supreme

DEFENDANTS' MOTION TO DISMISS - 11
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Court held that the alleged injury was too indirect. *Id*. at 458. The injured party for RICO purposes would only be the State of New York. *Id*.

Here, the only possible party injured by the City allegedly overpaying for the HMC Property is the City. Plaintiffs cannot establish injury under any theory. Plaintiffs are not the target of any alleged misconduct. Thus, Plaintiffs lack standing to bring their RICO claim on their alleged overpayment ground for this additional reason.

      **c.**  **Legal costs to file an ethics complaint do not constitute an injury.**

Lastly, Plaintiff Pollock's legal costs from filing the Ethics Complaint with the Ethics Board also are not a sufficient injury to bring a RICO claim. Dkt. 1-3, ¶ 50. Legal fees generally do not satisfy the concrete financial injury requirement for RICO. *Izenberg*, 589 F. Supp. 2d at 1204 (legal fees to file a RICO claim not a concrete financial injury). Moreover, a RICO injury must be proximately caused by racketeering activity. *Anza*, 547 U.S. at 451. The Ethics Board evaluates alleged violations of the Bainbridge Ethics Code and Pollock's Ethics Complaint alleged such violations. App. at 1-3. A violation of the Bainbridge Ethics Code does not constitute racketeering activity. 18 U.S.C. § 1961 (racketeering activity definition); *see also* Section IV(A)(2)(b) below. Accordingly, costs to file the Ethics Complaint are not proximately caused by any racketeering activity and Plaintiffs also lack standing to bring a RICO claim on this basis.

Because Plaintiffs cannot establish direct harm to a specific business or property interest, proximately caused by racketeering activity, Plaintiffs cannot demonstrate injury sufficient to bring a RICO claim. For this reason alone, this Court should dismiss their RICO claim.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2.  **Plaintiffs Do Not Allege Sufficient Racketeering Activity for a RICO Claim.**

2

3        In addition to dismissing on standing grounds, this Court should dismiss the Complaint

4 because Plaintiffs do not, and cannot, allege facts sufficient to establish that Plaintiffs engaged in

5 any prohibited racketeering activity. Racketeering activity includes, in relevant part, any act

6 involving bribery or extortion "which is chargeable under State law and punishable by

7 imprisonment for more than one year" and an act involving federal mail or wire fraud. 18

8 U.S.C.A. § 1961. Plaintiffs base their alleged predicate acts on violations of 1) state laws on

9 bribery (RCW 9A.68.010(1)(a)), unlawful compensation (RCW 9A.68.030(1)(b)), and insider

10 trading (9A.68.050(1)(b)); 2) Washington's municipal ethics code, chapter 42.23 RCW; and 3)

11 federal mail and wire fraud laws. Dkt. 1-3, ¶ 45. As discussed above, Plaintiffs' factual

12 allegations all relate to their disagreement with the City's decision to purchase the HMC

13 Property. Plaintiffs fail to allege any facts supporting their bribery, unlawful compensation, and

14 insider trading claims. Moreover, an alleged ethics violation is not a qualifying predicate act for

15 a RICO claim, and Plaintiffs fail to plead the necessary facts to allege mail or wire fraud.

16 Accordingly, Plaintiffs' RICO claim fails and must be dismissed.

17

18        a.  **Plaintiffs fail to allege state law based predicate acts.**

19

20        Plaintiffs assert that Medina and Smith violated state bribery laws, but fail to plainly

21 identify any acts that constitute such violations. *See* Dkt. 1-3, ¶ 45(a)-(c). Under RCW

22 9A.68.010(1)(a), it is unlawful to "[w]ith the intent to secure a particular result in a particular

23 matter involving the exercise of the public servant's . . . official capacity," "confer any pecuniary

24 benefit upon the public servant." Similarly, under RCW 9A.68.030(1)(b) it is unlawful to pay

25 compensation to a public servant for advice or assistance and under RCW 9A.68.050(1)(b) it is

26 unlawful to accept pecuniary benefit "pursuant to an agreement or understanding that he or she

27

DEFENDANTS' MOTION TO DISMISS - 13
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

will offer or confer a benefit upon a public servant." For all three alleged violations, Plaintiffs must allege that Defendants, with corrupt intent, paid or received pecuniary benefit pursuant to an agreement to accomplish a particular result. *State v. Greco*, 57 Wash. App. 196, 204 (1990).

By failing to state what pecuniary benefit or compensation Medina and Smith paid or received, Plaintiffs do not allege the minimum facts necessary to support a basic element of their RICO claim. "Factual allegations must be enough to raise a right to relief above the speculative level," otherwise dismissal is proper. *Twombly*, 550 U.S. at 555. Although a plaintiff "will not be thrown out of court for failing to plead facts in support of every arcane element of his claim," when "a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *N. Coast Enters., Inc. v. Factoria P'ship*, 94 Wash. App. 855, 861–62, 974 P.2d 1257 (1999) (internal quotation marks and citation omitted). In a bribery or extortion based RICO claim, the nature of the purported pecuniary benefit is a fact that would clearly predominate.

Yet Plaintiffs allege no facts specific to the alleged bribery or extortion they claim. Instead, the Complaint includes only conclusory allegations that "Medina offered or conferred pecuniary benefits upon Smith," that he "knowingly offered, paid, or agreed to pay compensation to Smith," and that "Medina and Smith accepted pecuniary benefits pursuant to an agreement or understanding." Dkt. 1-3, ¶ 45(a)-(c). This type of "formulaic recitation of the elements of a cause of action" and "naked assertions devoid of further factual enhancement will not suffice" to survive dismissal. *Landers*, 771 F.3d at 641. Accordingly, Plaintiffs' RICO claim based on state law bribery or extortion fails to state a claim upon which relief can be granted.

DEFENDANTS' MOTION TO DISMISS - 14
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

**b.   Plaintiffs' ethics based RICO claim fails as a matter of law.**

Plaintiffs' alleged violations of state municipal ethics laws, RCW 42.23.030 and .040, are not valid predicate acts under RICO. *See* Dkt. 1-3, ¶ 45(d). To state a RICO claim, Plaintiffs must allege racketeering based on a violation of state law punishable by imprisonment for more than one year. 18 U.S.C. § 1961; *see also Corrie v. Caterpillar*, Inc., 403 F. Supp. 2d 1019 (W.D. Wash. 2005), *aff'd*, 503 F.3d 974 (9th Cir. 2007) (conduct not chargeable under state law does not establish racketeering activity). The Washington municipal ethics laws in chapter 42.23 RCW are not criminal statutes and the state does not bring criminal charges under that chapter. *See generally* chapter 42.23 RCW. Rather, a violation of chapter 42.23 RCW is punishable by a civil monetary penalty and forfeiture of office. RCW 42.23.050. It is not punishable by imprisonment of any duration. Accordingly, Plaintiffs' attempt to base their RICO claim on a violation of chapter 42.23 RCW fails as a matter of law.

**c.   Plaintiffs fail to state mail and wire fraud predicate acts.**

Plaintiffs fail adequately to allege mail or wire fraud as predicate acts. *See* Dkt. 1-3, ¶ 45 (e)-(g). A very high percentage of RICO cases allege mail and wire fraud as predicate acts. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 191 (1997). This does not mean, however, that Plaintiffs can include conclusory mail and wire fraud allegations to make any lawsuit a RICO case. Rule 9(b), which requires pleading of fraud allegations with particularity, applies to civil claims under RICO where fraud is the predicate act. *Edwards*, 356 F.3d at 1066. Likewise, Washington Superior Court Civil Rule 9(b) requires that a fraud claim "be stated with particularity." Thus, "[t]o avoid dismissal for inadequacy under Rule 9(b) [both federal and state], [a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (internal quotations omitted); *see also*

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (RICO claim dismissed where plaintiff failed to specify "specific mailings," as opposed to "generalized" use of mail); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (RICO claim dismissed, with prejudice, for failure to specify who made telephone calls or what specific mailings occurred); *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (same).

The Complaint fails to state the "who, what, when, where, and how" of the alleged mail and wire fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). "The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud, and contain three elements: (A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.,* 806 F.2d 1393, 1399 (9th Cir.1986). The Complaint does not allege any specific wire or mail use whatsoever. Rather, the only references to "wire" or "mail" are general references to 18 U.S.C. §§ 1341 and 1343, the mail and wire fraud statutes. These conclusory allegations, "which do not meet [the Rule 9] standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Sanford*, 625 F.3d at 558 (quoting *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2009)). Thus, Plaintiffs' generalized allegations cannot establish fraud as a predicate act. Plaintiffs cannot demonstrate that Medina and Smith used mail or wire to further a fraud scheme. Their RICO claim based on mail or wire fraud also should be dismissed for failure to state a claim.

In sum, Plaintiffs do not and cannot allege any racketeering activity and the Court should dismiss their RICO claim for this additional reason.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**3.   Plaintiffs Cannot Demonstrate a Pattern of Racketeering Activity.**

RICO applies to "long-term criminal conduct." *H.J. Inc.* 492 U.S. at 242. At minimum, RICO's "'pattern of racketeering activity' requires at least two acts of racketeering activity," within ten years of each other. 18 U.S.C. § 1961(5). To establish the requisite continuity, plaintiffs must "refer[] either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.* 492 U.S. at 241. "[W]hile two acts are necessary, they may not be sufficient." *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14 (1985). Without some "'threat of continuing activity,'" even two or more purported predicate acts will fail to satisfy the pattern requirement. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986) (quoting *Sedima,* 473 U.S. at 496 n. 14); *H.J. Inc.* 492 U.S. at 242.

Plaintiffs fail to allege a pattern of racketeering activity. While, as discussed above, Plaintiffs do not sufficiently allege any predicate acts for a RICO claim, the conduct allegations that are in the Complaint are limited to a few isolated events, primarily three public meetings at which Plaintiffs allege that Medina and Smith sought to obtain their desired outcome of selecting the HMC Property for purchase. Dkt. 1-3, ¶¶ 15-17, 21-26. These allegations are insufficient to allege a pattern of repeated or long-term criminal activity. Further, Plaintiffs do not and cannot demonstrate any continuing activity. The City decided to purchase the HMC Property in 2019, Smith no longer works for the City, and Medina is no longer a councilmember. Dkt. 1-3, ¶¶, 6-7, 26. The Complaint alleges no continuing activity after selection of the HMC Property.

Plaintiffs cannot allege any predicate acts, much less the multiple and ongoing predicate acts necessary to establish a pattern of racketeering activity. Their inability to allege a pattern also is fatal to their RICO claim.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

### 4.  Plaintiffs Do Not Allege Any Nexus to Interstate Commerce.

A RICO claim cannot exist without some nexus to interstate commerce. 18 U.S.C. §

1962(a), (b), (c); *H.J. Inc.*, 492 U.S. at 232-33; *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir.

1990) (plaintiff that merely showed defendant catering company's equipment and supplies were

drawn generally from stream of interstate commerce, but purchased locally, failed to establish

RICO jurisdiction). Although the threshold to establish a nexus to interstate commerce is low,

courts will dismiss RICO claims do not make an adequate showing of the interstate commerce

requirement. *See Musick*, 913 F.2d at 1398.

Here, as discussed above, Plaintiffs do not allege facts to support mail or wire fraud in

interstate commerce, nor do they allege any other facts establishing a connection to interstate

commerce. Rather, the facts of this case occurred entirely within the contained universe of

Bainbridge Island, Washington. *See generally* Dkt. 1-3. Both relevant properties are located on

Bainbridge Island. *See id.*, ¶ 15. The meetings where the City decided to purchase the HMC

Property occurred on Bainbridge Island. *Id.*, ¶¶ 15-17, 21-26. No commerce left the island.

Plaintiffs' federal RICO claim accordingly fails for this additional reason.

Because Plaintiffs lack standing and fail to state a claim for a RICO violation under 18

U.S.C. § 1962(c), this Court should dismiss their first cause of action.

### B.  Plaintiff's § 1962(d) RICO Conspiracy Claim Also Fails.

For the same reasons that their § 1962(c) RICO claim fails, Plaintiffs' § 1962(d) RICO

conspiracy claim also fails. To state a conspiracy claim under RICO, "[p]laintiffs must allege

either an agreement that is a substantive violation of RICO or that the defendants agreed to

commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online Inc.*,

208 F.3d 741, 751 (9th Cir. 2000). Mostly importantly, "failure to adequately plead a substantive

DEFENDANTS' MOTION TO DISMISS - 18
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

violation of RICO precludes a claim for conspiracy." *Id.* Because as discussed above, Plaintiffs

fail to plead a substantive RICO violation, their RICO conspiracy claim also fails. Moreover,

Plaintiffs fail to allege any specific facts to support a conspiracy other than the bare recitation of

the elements of their claim. *See* Dkt. 1-3, ¶ 55. Accordingly, the Court also should dismiss

Plaintiffs' second cause of action.

**C.      Plaintiffs' Ethics Violation Claim and Claim for Declaratory Relief Are Not
        Justiciable and Fail on Their Merits.**

   **1.   Plaintiff's Ethics Violation Claim Is Time Barred.**

        Plaintiffs' ethics claim is barred by the two year statute of limitations. RCW 4.16.130.

The Washington municipal ethics code does not specify a statute of limitations for bringing a

claim for violation of the code. *See* chapter 42.23 RCW. RCW 4.16.130 provides a two year

statute of limitations for actions under statutes that do not specify a statutes of limitations and are

not governed by other statutes of limitations. *Thompson v. Wilson*, 142 Wash. App. 803, 812,

175 P.3d 1149 (2008) (quoting *Stenberg v. Pacific Power & Light Co.*, 104 Wash.2d 710, 721,

709 P.2d 793 (1985) ("RCW 4.16.130 'serves as a limitation for any cases not fitting into the

other limitation provisions. This [catchall provision] serves the State's purpose to compel prompt

litigation and not leave persons fearful of litigation unlimited by time.'"). Plaintiffs' ethics claim

is not an action on a contract. *See* RCW 4.16.040; RCW 4.16.080; *Unisys Corp. v. Senn*, 99

Wash. App. 391, 397, 994 P.2d 244 (2000) (applying RCW 4.16.130 to claim for declaratory

relief, where public entity defendant's obligations were based in statute, not contract).

Additionally, because Plaintiffs seek declaratory relief, their claim also is not an action for

liability or injury. *See* RCW 4.16.040; RCW 4.16.080; *Stenberg* 104 Wash.2d at 720.

Accordingly, the limitations period in RCW 4.16.130 applies to Plaintiffs' third and fourth

causes of action.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiffs' ethics claim is time barred because the City voted to acquire the HMC

Property in January 2019 and Plaintiffs filed this action in June 2022, more than two years after

the cause of action accrued. *See* Dkt. 1-3, ¶ 26. Like in *Unisys Corporation*, Plaintiffs' ethics

claim is based exclusively on Defendants' statutory obligations, and the particular statute does

not provide an independent statute of limitations. *See* 99 Wash. App. at 397. Further, applying

the two year statute of limitations to this claim would further "the State's purpose to compel

prompt litigation and not leave persons fearful of litigation unlimited by time." *Thompson*, 142

Wash. App. at 812. Not only have more than three years elapsed since the City approved

purchase of the HMC Property, but the City has since relied on that purchase by issuing bonds

and entering into subsequent contracts. *See* Dkt. 1-3, ¶ 32.

Nor can Plaintiffs claim that the applicable limitations period should be tolled for any

reason. Plaintiffs concede that Plaintiff Pollock filed an Ethics Complaint in 2020 and that his

attorney formally raised his alleged grounds for that complaint as early as March 2020. Dkt. 1-3,

¶ 34 and documents referenced therein at Ex. F. Accordingly, Plaintiffs' third and fourth causes

of action are time barred under the RCW 4.16.130 two year statute of limitations.

**2. Plaintiffs' Ethics Violation Claim Also Fails on Its Merits.**

In addition to being barred by the applicable statute of limitations, Plaintiffs' ethics

violation claim also fails on its merits. To violate RCW 42.23.030, there must be a beneficial

"financial interest[]" in a contract entered into under the supervision or vote of a municipal

officer. *Barry v. Johns*, 82 Wash. App. 865, 868, 920 P.2d 222 (1996); *see also* AGLO 1973 No.

6 (no violation of RCW 42.23.030 where a school district awards a contract to a company that

employs a school board member, so long as that board member does not personally benefit

financially from the contract). Here, there can be no violation of RCW 42.23.030, because the

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

contract at issue in Plaintiffs' claim is between the City and HMC, not with any entity from which Medina stood to benefit financially.

Moreover, chapter 42.23 RCW makes clear that even where an individual is employed by a contracting party (which is not the case here), that is a "remote interest" and insufficient to preclude voting on the formation of the contract where the employee's compensation consists of "fixed wages." RCW 42.23.040 (remote interests include "(2)[t]hat of an employee or agent of a contracting party where the compensation of such employee or agent consists entirely of fixed wages or salary").[3] Again, Medina was not employed by a contracting party and, regardless, there is no allegation that he received anything but fixed wages.

Medina did not have a beneficial financial interest in the City's contract with HMC and, thus, his conduct cannot violate RCW 42.23.030. Plaintiffs' Complaint alleges only that the City contracted with HMC, that some individuals associated with HMC donated to KCF, and that Medina received a salary from KCF. Dkt. 1-3, ¶ 60. Plaintiffs also allege (without any specifics) that Medina, an attorney, at some unspecified point in time provided legal services to HMC and associated unnamed individuals. Dkt. 1-3, ¶ 64. Even assuming these allegations were true, they would not even qualify as "remote interests" under RCW 42.23.040. They certainly are not the type of beneficial financial interest in a contract contemplated by RCW 42.23.030. *See e.g. City of Raymond v. Runyon*, 93 Wash. App. 127, 139, 967 P.2d 19 (1998) (City councilmember had beneficial interest in city contract for sewer extension, where under the contract, the contractor bought supplies from city councilmember's quarry).

---

[3] Although Plaintiffs do not claim violation of RCW 42.23.040, Dkt. 1-3, ¶¶ 57-66, they assert throughout the Complaint that Medina was obligated to disclose his alleged conflict of interest, *see e.g., id.*, ¶ 27. Although RCW 42.23.040 does require disclosure of "remote interests," as a salaried employee of a non-contracting party, Medina's interest does not even rise to the level of being a "remote interest." RCW 42.23.040.

DEFENDANTS' MOTION TO DISMISS - 21
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Moreover, it is at least persuasive authority that Plaintiffs' Ethics Complaint already has been heard and dismissed by the Bainbridge Ethics Board for lacking credibility. *See* App. The complaint before the Ethics Board is nearly identical to Plaintiffs' third cause of action. *See* App. at 1-2. After reviewing the information presented, "[t]he Ethics Board [did] not find it credible, without any evidence at all, that Respondent personally benefitted from the contributions made to KCF." *Id*. at 6. In this, lawsuit, Plaintiffs seek another (belated) bite at the apple, but fail to allege any actual ethical violation by Medina.

In sum, Plaintiffs' allegations cannot state a claim for violation of RCW 42.23.030. At best, Plaintiffs allege that Medina received a salary from an organization that shares board members with and receives donations from the contracting party. That does not violate RCW 42.23.030 as a matter of law. *See, e.g.*, AGLO 1973 No. 6.

### 3.   Plaintiffs' Request for Declaratory Relief Is Not Justiciable.

Before a court will consider the merits of a declaratory action, it must find a justiciable controversy. *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wash.2d 811, 815 (1973). A justiciable controversy is one

> (1) which is an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Id*. The plaintiff has the burden to establish all four elements are satisfied. *Coppernoll* v. *Reed*, 155 Wash.2d 290, 300, 119 P.3d 318 (2005); *see also Grant Cnty. Fire Prot. Dist. No. 5* v. *City of Moses Lake,* 150 Wash.2d 791, 802 (2004) (explaining that "the party seeking standing" must establish justiciability). "Inherent in these four requirements are the traditional limiting doctrines of standing, mootness, and ripeness[.]" *To-Ro Trade Shows v. Collins,* 144 Wash.2d 403 (2001).

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Here, Plaintiffs cannot establish the third element, which requires showing "direct and substantial" harm, "rather than potential, theoretical, abstract or academic" injury. *Id*. at 411-12; *see also Lee v. State*, 185 Wash.2d 608 (2016) ("the third prong has been construed as encompassing standing"). In a similar case, *Yakima County (West Valley) Fire Protection District No. 12 v. City of Yakima*, 122 Wash.2d 371, 379 (1993), the plaintiff Fire District sought a declaratory judgment nullifying certain agreements between property owners and the City of Yakima. The court held "the outcome of [the] action, concerning only the validity of the [agreements], [would] not have a sufficient impact on the Fire District to confer standing" for a declaratory action. *Id*. at 380. Similarly, Plaintiffs have not shown that they would be directly impacted by an order voiding the purchase and sale agreement at issue here. As discussed above, Plaintiffs fail to allege any direct injury. Any purported harm here is theoretical and abstract.

As with their other claims, Plaintiffs also do not allege any basis for standing to bring a declaratory judgment action. In their declaratory judgment claim, Plaintiffs state that "BTU consists of interested persons under Washington's statutes." Dkt. 1-3, ¶ 69. They do not identify any statute with specificity. Plaintiffs have "failed to show that [their] interests were direct and substantial, rather than contingent and inconsequential." *To-Ro Trade Shows*, 144 Wash.2d at 412. Because Plaintiffs cannot meet their burden to prove the justiciability of their declaratory judgment claim, this Court should dismiss Plaintiffs' third and fourth causes of action.

## V.   CONCLUSION

Plaintiffs improperly seek a judicial remedy for their dissatisfaction with the City's legislative decision to acquire the HMC Property. This Court should hold that Plaintiffs lack standing to bring their RICO claims, which also fail on their merits. It also should hold that Plaintiffs' ethics claim is time-barred and fails on its merits. Plaintiffs cannot establish any

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

entitlement to relief in this Court and Defendants respectfully ask the Court to dismiss Plaintiffs'

Complaint with prejudice.

DATED this 14ᵗʰ day of July, 2022.

PACIFICA LAW GROUP LLP

_s/ Jessica A. Skelton_
Jessica A. Skelton, WSBA #36749
Shweta Jayawardhan, WSBA #58490

Attorneys for Defendants City of Bainbridge
Island, Kolby Medina and Morgan Smith

I certify that on July 11, 2022, I conferred with Plaintiffs' counsel Brad Thoreson by
telephone, notified him that Defendants intended to file a motion to dismiss in this matter, and
asked whether Plaintiffs needed an opportunity to amend their Complaint.  On July 13, 2022, Mr.
Thoreson e-mailed me to confirm that Plaintiffs did not need an opportunity to amend their
Complaint.

_s/ Jessica A. Skelton_
Jessica A. Skelton, WSBA #36749

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

On the 14th day of July, 2022, I caused to be served, via electronic mail, and U.S. Mail, a

true copy of the foregoing Notice of Removal upon the parties listed below:

Bradley P. Thoreson
Alexandra M. Shulman
BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
bthoreson@buchalter.com
ashulman@buchalter.com

Joshua M. Robbins
BUCHALTER
jrobbins@buchalter.com

DATED this 14th day of July, 2022.

Sydney Henderson

DEFENDANTS' MOTION TO DISMISS - 25
Case No. 3:22-cv-05491-TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750