1

2

3

4

5

6

7

8

HONORABLE TANA LIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

BAINBRIDGE TAXPAYERS UNITE, a
Washington non-profit corporation; LEE
ROSENBAUM, an individual; JANICE PYKE,
an individual; and MICHAEL POLLOCK, an
individual,

Plaintiffs,

v.

THE CITY OF BAINBRIDGE ISLAND, a
municipal corporation; KOLBY MEDINA, an
individual; MORGAN SMITH, an individual;
and JOHN AND JANE DOES 1-100, other
unknown individuals or legal entities who
participated in the complained of conducts,

Defendant.

Case No. 3:22-cv-05491-TL

**PLAINTIFFS' RESPONSE IN
OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY
DEADLINES**

**NOTE ON MOTION CALENDAR:
AUGUST 5, 2022**

19

20

21

22

23

24

        Plaintiffs Bainbridge Taxpayers Unite, a Washington non-profit corporation ("BTU"), Lee

Rosenbaum, an individual ("Rosenbaum"), Janice Pyke, an individual ("Pyke"), and Michael

Pollock ("Pollock") (collectively, "Plaintiffs"), respond to Defendants The City of Bainbridge

Island (the "City"), Kolby Medina ("Medina") and Morgan Smith's ("Smith") (collectively,

"Defendants") Motion to Extend Discovery Deadlines (ECF No. 14) ("Motion") as follows:

25

26

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 1
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## I.      INTRODUCTION

Although titled "Motion to Extend Discovery Deadlines," Defendants have sought an indefinite stay of discovery pending resolution of their Motion to Dismiss. Defendants have not identified any reason that would justify an indefinite stay of discovery. Instead, Defendants' motion relies on the generalized conclusions that one or more claims may be dismissed and that they will face undue burden and expense if discovery proceeds. Any defendant who files a motion to dismiss could argue the same. A stay of discovery under these circumstances is the exception, not the rule. The court should decline Defendants' invitation to circumvent the Federal Rules of Civil Procedure.

## II.      STATEMENT OF FACTS

On June 2, 2022, Plaintiffs filed this lawsuit against Defendants the City of Bainbridge Island, Kolby Medina and Morgan Smith, alleging that Medina and Smith engaged in fraud, bribery, and ethics violations to rig a City tender for development land for construction of a police-court facility in favor of a seller tied to Medina (CHI Franciscan), rather than a lower-cost bid from Plaintiffs Lee Rosenbaum and Janice Pyke. (ECF No. 1-1 (hereinafter, "Compl.").) Plaintiffs now seek remedies through the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as declaratory relief pursuant to RCW 42.23.050, declaring the contract for purchase of the property void, and an injunction barring the City from executing any further contracts arising out of the property purchase. (*Id.*)

On July 11, 2022, the court entered an order setting initial discovery deadlines. (ECF No. 9.) Thereafter, Defendants filed a Motion to Dismiss. (ECF No. 12.) On July 19, 2022, Plaintiffs' counsel contacted Defendants' counsel to follow up on the court's order and to schedule a time for the parties' Rule 26(f) conference. (ECF No. 15 at ¶ 2, Ex. A.) Instead of working to find a mutually agreeable time for the conference, Defendants' counsel indicated that Defendants intended to seek an extension of the initial discovery deadlines. (*Id.*) Plaintiffs' counsel suggested

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 2
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

1  that Defendants could set forth their position regarding discovery in the parties' joint discovery

2  report. (*Id.*) Defendants' counsel declined, and without calling Plaintiffs' counsel to confer, filed

3  the Motion. (*Id.*)

### III.    ARGUMENT

**A.    Defendants' Motion Should Be Denied For Failing to Satisfy the Meet and Confer Requirement.**

Defendants' counsel certified that she conferred with Plaintiffs' counsel regarding Defendants' request for an extension of deadlines by exchanging emails with Plaintiffs' counsel. (ECF No. 14 at 9; ECF No. 15 at ¶ 2, Ex. A.) However, this court requires that counsel engage in a "good faith conference in person or by telephone[.]" LCR 1(c)(6). An email exchange is insufficient. *See, e.g.*, *Leyva v. Allstate Fire & Cas. Ins. Co.*, No. 2:21-CV-987-RSM-DWC, 2022 WL 2046220, at *2 (W.D. Wash. June 7, 2022) (denying motion for failing to meet the meet and confer requirements where parties conferred by email); *Choi v. City of Lakewood*, No. 21-5119 RJB, 2022 WL 670898, at *2 (W.D. Wash. Mar. 7, 2022) (same); *Crofts v. Issaquah Sch. Dist.*, No. C17-1365RAJ, 2018 WL 1577544, at *1 (W.D. Wash. Mar. 30, 2018) (same); *City of Seattle v. Prof'l Basketball Club, LLC, C07-1620MJP*, No. 2008 WL 11506780, at *1 (W.D. Wash. May 8, 2008) (same). Defendants' counsel not only did not confer in person or by telephone, but did not attempt to schedule a phone call (and repeatedly declined Plaintiffs' counsel's invitation to schedule a Rule 26(f) conference). (ECF No. 15 at ¶ 2, Ex. A.) Thus, Defendants' Motion should be summarily denied. *See* Standing Order, Section II.D. ("Motions that do not comply [with the meet and confer requirements] may be summarily denied.").

**B.    A Pending Motion to Dismiss Is Not "Good Cause" For Staying Discovery.**

Although Defendants characterize the Motion as a motion to extend the initial discovery deadlines (ECF No. 14 at 1), discovery does not commence until "the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Thus, Defendants' Motion, in effect, requests an indefinite stay of the entire case, and the court should treat it as such for the purposes of

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 3
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

evaluating Defendants' motion. *See Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020). Such motions are evaluated under the Rule 26(c) "good cause" standard for protective orders. *Id.*

"A motion to dismiss is not grounds for staying discovery." *Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010) "Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *White v. Skagit Bonded Collectors, LLC*, No. 2:21-CV-00697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022). "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). *See also Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 716840, at *1 (W.D. Wash. Mar. 10, 2022) ("The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation.").

A party seeking to avoid discovery pending a motion to dismiss "has a 'heavy burden' to make a 'strong showing' to justify the stay." *Lofton v. Bank of Am. Corp.*, No. C 07-05892 SI, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Such showing "must be particular and specific and be more than a 'conclusory statement that discovery would cause undue burden and expense.'" *Lofton*, 2008 WL 2037606, at *1 (internal citations and quotations omitted). Defendants have not met their burden here.

**1.  Defendants have not identified any extenuating circumstances that would warrant a stay.**

Defendants claim that their pending Motion to Dismiss "has a strong chance of disposing of this entire case." (ECF No. 14 at 5.) Any defendant who files a motion to dismiss would argue

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 4
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1    the same. Naturally, Plaintiffs disagree with Defendants' assessment, and for the reasons set forth

2    in their Response in Opposition to Defendants' Motion to Dismiss (ECF No. 17), believe the

3    Motion to Dismiss will be denied (or, at a minimum, Plaintiffs will be granted leave to amend the

4    Complaint). Regardless, it is not appropriate for the court to "make a preliminary finding of the

5    likelihood of success on the motion to dismiss" at this juncture. *Gray*, 133 F.R.D. at 40. "This

6    would circumvent the procedures for resolution of such a motion." *Id.* A motion to stay should be

7    denied unless the court is "convinced that the plaintiff will be unable to state a claim for relief."

8    *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981).

9           The cases cited by Defendants to support their position either contained extenuating

10   circumstances that are not present here or support denial of a stay. In *Roberts v. Khounphixay*,

11   No. 218CV00746MJPBAT, 2018 WL 5013780, at *2 (W.D. Wash. Oct. 16, 2018), the defendants

12   asserted a defense of qualified immunity, which "is meant to give government officials a right, not

13   merely to avoid standing trial, but also to avoid the burdens of pretrial matters such as discovery."

14   Defendants have not asserted a qualified immunity defense here. In *Bosh v. United States*,

15   No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019), a report and

16   recommendation had already been issued recommending that the motion to dismiss be granted and

17   that the complaint be dismissed with prejudice by the time a stay was granted. The court has made

18   no such finding here. *New World Med. Inc. v. Microsurgical Tech. Inc.*,

19   No. 220CV01621RAJBAT, 2021 WL 366106, at *1 (W.D. Wash. Feb. 3, 2021), involved a

20   petition for Post-Grant Review before the Patent Trial and Appeal Board that had the potential to

21   moot the case, not a motion to dismiss. And in *Del Vecchio v. Amazon.com*, No. C11-0366RSL,

22   2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011), the court denied the defendant's request

23   for a stay, noting that "plaintiffs could suffer prejudice by a potentially lengthy discovery stay, in

24   part because they seek to enjoin on-going allegedly wrongful conduct."

25          Additionally, the Ninth Circuit opinions cited by Defendants—*Little v. City of Seattle*, 863

26   F.2d 681 (9th Cir. 1988), *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984), *Jarvis v. Regan*, 833

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 5
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
Telephone: 206.319.7052

1   F.2d 149 (9th Cir. 1987), *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), and

2   *Esquivel v. United States*, 21 F.4th 565 (9th Cir. 2021)—in which the Ninth Circuit upheld stays

3   of discovery, are of little utility here. "[T]hese cases stand for the general and noncontroversial

4   position that courts have discretion in controlling discovery and managing the case before them."

5   *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *4 (N.D. Cal. June 14, 2016)

6   (citing *Little*). In these cases, the Ninth Circuit reviewed the district court's decision granting a

7   motion to dismiss and also reviewed the district court's corresponding decision to deny discovery,

8   which "is reviewable only for abuse of discretion." *Rae v. Union Bank*, 725 F.2d 478, 481 (9th

9   Cir. 1984). Given the applicable standard of review, the Ninth Circuit did not need to engage in a

10   detailed analysis regarding whether a stay of discovery was warranted. Thus, these cases do not

11   provide a good framework for the analysis that is required here.

12       Because Defendants have not identified any extenuating circumstances here that warrant

13   casting aside the general rule that discovery should proceed even while a motion to dismiss is

14   pending, Defendants' Motion should be denied.

15       **2.    Defendants have not demonstrated that proceeding with discovery
                    would be unduly burdensome.**

16
17       This court has also routinely denied motions to stay where, as here, the defendant objects

18   to proceeding with discovery pending a motion to dismiss due to the burden and expense of

19   discovery. *See, e.g.*, *Garner*, 2022 WL 716840, at *1. *See also Edmonds*, 2020 WL 8996835, at

20   *2 (denying motion to stay discovery where defendant argued a stay "would promote efficiency"

21   and that the plaintiff would suffer no prejudice); *Rosario v. Starbucks Corp.*, No. 2:16-CV-01951

22   RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) (denying motion to stay discovery

23   pending resolution of Rule 12(b)(1) and 12(b)(6) motions where defendant argued that a stay

24   "would free the parties from the burden and expense of unnecessary discovery"). "The success of

25   [this] argument assumes that [the] motion to dismiss will be granted, which is insufficient, as

26   speculation does not satisfy Rule 26(c)'s good cause requirement." *Edmonds*, 2020 WL 8996835,

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 6
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

at *2 (internal quotation marks omitted). Defendants have not articulated how a Rule 26(f) conference, initial disclosures, and the standard written discovery that will follow, will be unduly burdensome, and thus they have not demonstrated the requisite "good cause" for an indefinite stay or protective order.[1]

Additionally, "[t]o determine whether the expense and burden of discovery regarding claims that may ultimately be dismissed is 'undue' and therefore justifies a protective order, the Court must also consider whether plaintiff will be prejudiced if a stay is ordered." *Garner*, 2022 WL 716840, at *1. "[M]otions to dismiss are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation." *Del Vecchio*, 2011 WL 1585623, at *1. *See also Edmonds*, 2020 WL 8996835, at *2 ("If the court denies [the] motion to dismiss, a stay of discovery would unnecessarily delay litigation."). Where a plaintiff seeks more than just monetary damages, the plaintiff may suffer harm if the litigation is delayed by a stay. *See Am. Honda Motor Co., Inc. v. Coast Distribution Sys., Inc.*, No. C 06-04752JSW, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007) ("Because it is not clear to the Court that only money damages are at issue, the Court concludes that Coast has not met its burden to show Honda would not be harmed if the litigation is delayed.").

In Plaintiffs' Third and Fourth Causes of Action, Plaintiffs seek a declaration that the contract between the City of Bainbridge Island and CHI Franciscan for the purchase of property is void, as well as an injunction barring the City from executing any further contracts arising out of the purchase of property. (Compl. ¶¶ 66-72.) As Defendants highlight in their Motion to Dismiss, the City is continuing to rely on that contract by issuing bonds and entering into subsequent contracts. (ECF No. 12 at 20.) By seeking an indefinite stay of discovery, Defendants are trying to buy more time to forge ahead with the construction of the police-court facility, which is precisely

---

[1] In particular, it is unclear how proceeding with a Rule 26(f) conference and initial disclosures would be more expensive and burdensome than filing a ten-page motion to stay. *See White*, 2022 WL 508825, at *2 (denying motion to extend discovery deadlines, noting "although [the defendant] argues that extending the deadline could save the parties attorney fees, [the defendant] has already incurred—and forced the Plaintiffs to incur—additional attorney fees in connection with its motion to extend the deadline.").

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 7
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

what Plaintiffs seek to prevent in this lawsuit. In the event the court ultimately voids the contract, a stay would only further increase the number of contracts that must be unwound. Thus, the claimed "costs and burdens of responding to discovery for a small municipality and two individuals" (ECF No. 14 at 8) do not outweigh the prejudice Plaintiffs will suffer if a stay is ordered given the time sensitive nature of the declaratory and injunctive relief sought.[2]

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Extend Discovery Deadlines and order Defendants to participate in a Rule 26(f) Conference on or before August 8, 2022.

DATED this 1st day of August, 2022.

BUCHALTER
A Professional Corporation


By: */s/ Bradley P. Thoreson*
  Bradley P. Thoreson, WSBA #18190
  Alexandra M. Shulman, WSBA No. 48888
  1420 Fifth Ave., Ste. 3100
  Seattle, WA 98101-1337
  Phone: 206-319-7052
  Email: bthoreson@buchalter.com
  Email: ashulman@buchalter.com

  Joshua M. Robbins (Admitted *Pro Hac Vice*)
  1800 Von Karman Avenue, Suite 800
  Irvine, CA 92612
  Phone: (949) 224-6284
  Email: jrobbins@buchalter.com

  Attorneys for Plaintiffs

---

[2] Because Plaintiffs are not requesting discovery to amend pleading defects, Section III.C. of the Motion is not germane.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 8
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1

## CERTIFICATE OF SERVICE

2        I certify that I electronically filed the foregoing document with the Clerk of the Court

3 using the CM/ECF system and will send notification of such filing to the following:

4        Jessica A. Skelton, WSBA #36749
         Shweta Jayawardhan, WSBA #58490
5        Pacifica Law Group LLP
         1191 Second Avenue, Suite 2000
6        Seattle, WA 98101
         Telephone: (206) 245-1700
7        Email: Jessica.skelton@pacificalawgoup.com
         Email: Shweta.jayawardhan@pacificalawgroup.com
8

9        Attorneys for Defendants The City of Bainbridge
         Island, Kolby Medina and Morgan Smith
10

11       DATED this 1st day of August, 2022.

12

13                                    s/ Rebecca Turenne
                                      Rebecca Turenne, Legal Assistant
14

15   BN 72015528v1

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINES - 9
CASE NO. 3:22-CV-05491-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052