HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAINBRIDGE TAXPAYERS UNITE, a Washington non-profit corporation; LEE ROSENBAUM, an individual; JANICE PYKE, an individual; and MICHAEL POLLOCK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BAINBRIDGE ISLAND, a municipal corporation; KOLBY MEDINA, an individual; MORGAN SMITH, an individual; and JOHN AND JANE DOES 1-100, other unknown individuals or legal entities who participated in the complained of conduct,<br><br>Defendants. | No. 3:22-cv-05491 TL<br><br>DEFENDANTS CITY OF BAINBRIDGE ISLAND, KOLBY MEDINA AND MORGAN SMITH'S REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES<br><br>NOTE ON MOTION CALENDAR:<br><br>August 5, 2022 |

## I. INTRODUCTION

Plaintiffs have failed to identify any reason why this Court should not sequence discovery to commence after the decision on the City's[1] pending Motion to Dismiss. Dkt. 12. Plaintiffs concede they do not need discovery to respond to the Motion to Dismiss. The only prejudice they claim is the delay itself, but Plaintiffs already waited over three years to commence this lawsuit. The City should not bear the burden of spending public dollars to respond to discovery[2] on claims that could be dismissed in the coming weeks. The Motion to Dismiss will be fully briefed

---

[1] Defendants City of Bainbridge Island, Medina, and Smith are collectively referred to as the "City."
[2] Plaintiffs have declared their intent to pursue discovery immediately after the Rule 26(f) conference.

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 1
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

and ripe for decision before the first discovery deadline, which is the August 8 Federal Rule of Civil Procedure ("Rule") 26(f) conference. Thus, good cause supports a brief delay of the initial discovery deadlines until after the Court's decision on the City's Motion to Dismiss.

## II. ARGUMENT

### A. The City Made a Good Faith Effort to Confer with Plaintiffs.

The Court should reject Plaintiffs' request to "summarily den[y]" the City's Motion to Extend Discovery Deadlines ("Extension Motion") for lack of a telephonic meet and confer. *See* Dkt. 18 at 3. The City made a good faith effort to confer. Starting nearly three weeks before the Rule 26(f) conference deadline, the City's counsel sent five separate e-mails to Plaintiffs' counsel regarding the basis for the requested extension, including that it would be difficult to "meaningfully confer on case or discovery planning in light of Defendants' pending dispositive motion" and that "it would be unduly burdensome for a small municipality and two individual public servants to commence discovery on claims they have asked the Court to dismiss." Dkt. 15 at 9. In response to the City's requested extension, Plaintiffs' initially responded "Thanks but no," and then proceeded to insist on an entitlement to discovery. *Id*. at 7-10. When, after a few days, the City's counsel checked back to see if the parties could reach agreement on a stipulated motion, Plaintiffs' counsel responded, "I have no idea why you are confirming what we have already told you." *Id*. at 5. Under the circumstances, the City's counsel reasonably understood that any further attempts to confer, telephonic or otherwise, would be futile and not welcome.

In support of their request for summary denial of the City's Extension Motion, Plaintiffs cite exclusively to authority regarding the conferral requirement for motions to compel. Dkt. 18 at 3. While motions to compel often involve nuanced issues that could benefit from an in-person discussion between parties, that is not the case with a straightforward request to extend deadlines. Plaintiffs fail to identify any information they needed, but did not receive, in deciding whether to agree to the requested extension. Regardless, Local Civil Rule ("LCR") 7(j) only requires a meet and confer if it is "too late to file a motion for relief from the deadline." The

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 2
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

City's attempt to confer with Plaintiffs was more than sufficient and the Court should decide the Extension Motion on its merits.

B.  **The City's Extension Motion Satisfies the Applicable Standard for Delaying Discovery and Plaintiffs Identify No Actual Prejudice from that Delay.**

Initially, Plaintiffs have failed to provide this Court with any cognizable reason why it should not sequence discovery to commence after the decision on the City's pending Motion to Dismiss. Importantly, Plaintiffs confirm they do not need discovery to respond to the Motion to Dismiss or to amend their Complaint. Dkt. 18 at 8 n.2. Moreover, Plaintiffs do not identify any actual prejudice they will suffer from a brief delay in commencing discovery. Rather, Plaintiffs only generally assert that "[w]here a plaintiff seeks more than just monetary damages, the plaintiff may suffer harm if the litigation is delayed by a stay." *Id*. at 7. Importantly, the sole case that Plaintiffs rely on for this proposition involved a request to stay indefinitely patent claims pending resolution of International Trade Court proceedings, not a request to delay discovery pending resolution of a motion to dismiss. *See Am. Honda Motor Co. v. Coast Distribution Sys., Inc.*, No. C 06-04752JSW, 2007 WL 672521, at *1 (N.D. Cal. Feb. 26, 2007) (denying request for stay after denying motion to dismiss).

Moreover, Plaintiffs do not identify any specific harm they would suffer from a brief discovery delay. They assert that they are seeking to void the purchase and sale agreement at issue in this case and to bar the City "from executing any further contracts arising out of the purchase of the property." Dkt. 18 at 7 ("[T]he City is continuing to rely on that contract by issuing bonds and entering into subsequent contracts."). But Plaintiffs do not dispute that the facts underlying their claims in this case all occurred in 2019, more than three years before they filed suit. Dkt. 14 at 8-9; Dkt. 1-3, ¶ 26. Plaintiffs' own Complaint confirms that the City already has issued bonds. Dkt. 1-3, ¶ 32. Plaintiffs also do not dispute that the City already has entered into subsequent contracts. Dkt. 18 at 7 (citing Dkt. 12 at 20). Plaintiffs do not identify any specific contracts they are seeking to prevent the City from entering into. Rather, Plaintiffs seek to undo existing contractual obligations, some of which already have been in place for years.

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 3
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiffs do not explain how a brief delay in pursuing discovery will prejudice their ability to obtain this relief.

Thus, because Plaintiffs have failed to identify any current need for discovery or any actual prejudice from an extension, the Court need only evaluate whether the City's Extension Motion satisfies the applicable test for determining whether to delay discovery pending a decision on a motion to dismiss. The Extension Motion clearly satisfies that test. As set forth in the Extension Motion, the applicable test is: 1) whether the pending motion could dispose of the entire case or issues on which discovery may be sought, and 2) whether the pending motion can be resolved without additional discovery, as well as 3) whether delaying discovery would advance the efficiency for the Court and the litigants by avoiding the burden of discovery costs. Dkt. 14 at 4-5 (citations and quotations omitted).

In response, Plaintiffs concede factor 2 (need for additional discovery) and simply assert that factors 1 and 3 are not relevant. Dkt. 18 at 3-8 and n.2. Tellingly, Plaintiffs rely on Northern District of California cases to support their contention that the City must meet some heightened standard for the Court to grant the extension. *See* Dkt. 18 at 4 (citing *Lofton v. Bank of Am. Corp.*, No. C 07-05892 SI, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) for proposition that showing must be "particular and specific"); *see also id*. at 5 (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Plaintiffs cite no authority for their assertions that "extenuating circumstances" are necessary to support a brief extension of discovery deadlines while a motion to dismiss is pending. *See* Dkt. 18 at 4-6.

Rather than discussing the test applied by district courts for the Western District of Washington in determining whether a delay of discovery is appropriate pending a motion to dismiss, Plaintiffs instead attempt to distinguish a few of the cases applying that test on their facts. *See* Dkt. 18 at 5. Whether these cases involved immunity claims, magistrate reports, or mootness claims is beside the point. *See id.*; *see also* Dkt. 12 at 19-23 (the City's Motion to Dismiss seeks dismissal of Plaintiffs' municipal ethics and declaratory judgment claims on jurisdictional and justiciability grounds in any event). The relevant issue is whether the pending

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 4
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

motion could dispose of part or all of the case without additional discovery. *See* Dkt. 14 at 4-5; *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050-JCC, 2020 WL 832888, at *1-2 (W.D. Wash. Feb. 20, 2020); *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *2 (W.D. Wash. July 9, 2020) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). Here, as set forth in the Extension Motion, the City's Motion to Dismiss could dispose of all or part of Plaintiffs' case and Plaintiffs concede they do not need discovery. Thus, as in *Ahern*, "Defendants' pending motions to dismiss alone warrant a stay of discovery in this case." 2020 WL 8678084, at *2.

Plaintiffs also rely on inapplicable cases for the proposition that the burden of discovery is not relevant to determining whether a brief stay is warranted. Dkt. 18 at 6-7. Each case Plaintiffs cite involves a large corporate defendant, primarily Amazon.com. Importantly, in *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 716840, at *1 (W.D. Wash. Mar. 10, 2022), the district court determined that Amazon likely had established the undue burden component of the test, because it raised "a real question whether portions of plaintiffs' claims will survive." (Internal quotation omitted.). The district court denied the requested stay, however, because plaintiffs argued they would be prejudiced because discovery would "bolster allegations in the First Amended Complaint that defendants challenge as conclusory." *Id*. Again, Plaintiffs do not claim that prejudice here.

Likewise, in a second case involving Amazon, the district court denied an extension where the parties already had stipulated to one extension and where Amazon apparently argued primarily efficiency, not undue burden. *See Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1-2 (W.D. Wash. Mar. 6, 2020). In yet another case involving a large corporate defendant, Starbucks, the district court denied a stay of discovery where the parties already had stipulated to a 91 day extension of discovery deadlines, following the expiration of which Plaintiffs had served discovery. *Rosario v. Starbucks Corp.*, No. 2:16-CV-01951 RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017). Finally, in *Del Vecchio v. Amazon.com*, No. C11-0366RSL, 2011 WL 1585623, at *1 (W.D. Wash. Apr. 27, 2011), Amazon had not yet

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 5
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

filed its motion to dismiss, so the district court could not "evaluate its likelihood of success." Despite this, the court still acknowledged that the question of whether to stay discovery was a "close call" because the court was "reluctant to expose parties to the burden and expense of discovery when a dispositive motion might eliminate the need for discovery or at least narrow the issues." *Id*.

This case is not a close call and clearly presents circumstances where a stay is warranted. Defendants are a small municipality and two former public servants. Courts, in their discretion, do take steps to relieve discovery burdens on municipalities, in recognition of the resource constraints they face. *See, e.g., Lonberg v. City of Riverside*, No. EDCV970237RTAJWX, 2000 WL 34602546, at *3 (C.D. Cal. June 1, 2000) (requiring plaintiff to share a portion of burden and expense in providing discovery in part "[i]n recognition that defendant is a municipality"). The City's Motion to Dismiss will be fully briefed and pending before the Court before the first discovery deadline occurs. The parties have not previously agreed to an extension of these deadlines and Plaintiffs have not yet served discovery on the City. Under these circumstances, the Court should employ its discretion to sequence discovery and extend the initial discovery deadlines until after resolution of the City's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court extend the initial discovery deadlines in this case to commence 14 days, or some other reasonable amount of time, after the Court's resolution of the Motion to Dismiss.

DATED this 3rd day of August, 2022.

PACIFICA LAW GROUP LLP

*s/ Jessica A. Skelton*
Jessica A. Skelton, WSBA #36749
Shweta Jayawardhan, WSBA #58490

*Attorneys for Defendants City of Bainbridge Island, Kolby Medina and Morgan Smith*

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 6
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system including counsel for plaintiffs listed below.

| | |
|---|---|
| Bradley P. Thoreson<br>Alexandra M. Shulman<br>BUCHALTER<br>bthoreson@buchalter.com<br>ashulman@buchalter.com | Joshua M. Robbins<br>BUCHALTER<br>jrobbins@buchalter.com |

DATED this 3rd day of August, 2022.



Sydney Henderson

REPLY TO MOTION TO EXTEND DISCOVERY DEADLINES - 7
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750