1

2

3

4

5

6

7

HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAINBRIDGE TAXPAYERS UNITE, a Washington non-profit corporation; LEE ROSENBAUM, an individual; JANICE PYKE, an individual; and MICHAEL POLLOCK, an individual,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE CITY OF BAINBRIDGE ISLAND, a municipal corporation; KOLBY MEDINA, an individual; MORGAN SMITH, an individual; and JOHN AND JANE DOES 1-100, other unknown individuals or legal entities who participated in the complained of conduct,<br><br>                    Defendants. | No.  3:22-cv-05491 TL<br><br>DEFENDANTS THE CITY OF BAINBRIDGE ISLAND, KOLBY MEDINA AND MORGAN SMITH'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR: August 5, 2022** |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.   INTRODUCTION

Plaintiffs make serious accusations, including bribery, fraud, and ethical violations, against two former public servants (Medina and Smith)[1] based solely on formulaic recitations of the legal elements of their claims. Noticeably absent, however, are *any* factual allegations to support these serious claims. While Plaintiffs' Complaint and Opposition to the Motion to Dismiss detail their disagreement with the City's decision to acquire the Harrison Property, they contain no factual allegations regarding the nature of the alleged bribery, mail or wire fraud, or benefit to Medina under the City's contract with Harrison. Plaintiffs' motive in this case is clear: they seek to undo the City's legislative decision to purchase the Harrison Property and allege baseless RICO claims and ethical violations in the attempt to secure that outcome.

The City's Motion to Dismiss sets forth multiple alternative legal grounds for Dismissal of each of Plaintiffs' claims. The Court should dismiss Plaintiffs' RICO[2] claims because Plaintiffs fail to allege:  a sufficient injury and therefore lack standing, sufficient predicate acts other than formulaic claim elements, a continuing pattern of racketeering activity, or any connection to interstate commerce. Each is sufficient to support dismissal. Likewise, Plaintiffs' municipal ethics claim is time barred and also fails on its merits and their request for declaratory relief is not justiciable. Plaintiffs concede that they do not need discovery and they identify no amendments to the Complaint that would allow them to state a claim. The Court should dismiss Plaintiffs' claims with prejudice.

## II.   ARGUMENT

### A.   Plaintiffs Do Not Make a Proper Request for Leave to Amend Their Complaint.

In the last sentence of their Opposition, Plaintiffs make a one-sentence alternative request that "the Court grant leave to amend the Complaint." Dkt. 17 at 23. This conclusory request is insufficient to support a grant of leave to amend. When considering whether to grant leave, courts consider factors including the "futility of amendment." *United Bhd. of Carpenters &*

---

[1] Defendants consist of Kolby Medina ("Medina"), a former City Councilmember; Morgan Smith ("Smith"), a former City Manager; and the City of Bainbridge Island (collectively, the "City").

[2] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014) (district court properly denied leave to amend RICO complaint where it could not conceive of new facts that would cure pleading); *see also Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir. 2007) (dismissal of RICO claim without leave to amend appropriate where plaintiff identified no "additional details he could provide without discovery"). Before the City filed its Motion to Dismiss, Plaintiffs confirmed they did not need to amend their Complaint. Dkt. 15 at 14.[3] After the City filed its Motion to Dismiss, Plaintiffs conceded they do not need to conduct discovery to supplement their deficient claims. Dkt. 18 at 8. Thus, Plaintiffs have failed to identify anything they could obtain from discovery or any allegation that would save their Complaint from dismissal. Under these circumstances, dismissal with prejudice is appropriate. *Wagh*, 363 F.3d at 830 (dismissed with prejudice); *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (RICO claim properly dismissed "with prejudice for failure to allege any financial loss to business or property" and "causal connection between an injury and illegal activity.").

**B.     Plaintiffs' RICO Claims Fail as a Matter of Law.**

**1.     Plaintiffs Do Not and Cannot Allege Sufficient Injury for RICO Standing.**

**a.     Rosenbaum-Pyke Cannot State an Injury or Establish Proximate Cause.**

As set forth in the Motion to Dismiss, Plaintiff Rosenbaum-Pyke's claim of lost opportunity to sell their property to the City is too speculative to constitute an injury for RICO purposes. Dkt. 12 at 7-11 (citing cases including *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002)). Plaintiffs attempt to distinguish *Chaset* on the basis that the plaintiffs did not claim any losses, but they are wrong. *See* Dkt. 17 at 8. The *Chaset* plaintiffs claimed injury for paying a portion of a purchase price for the chance to win trading cards. 300 F.3d at 1086.  The *Chaset* court held that "disappointment" upon not receiving a card they hoped to get "is not an injury to property." *Id*. at 1087. Plaintiffs similarly fail in their attempt to

---

[3] Plaintiffs' contention that the City did not meaningfully meet and confer is meritless. The City conferred telephonically and even delayed filing the Motion to Dismiss to allow full consideration of whether to amend.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    distinguish the other cases holding that inability to secure anticipated profits or prospective

2    business opportunities is not a valid RICO injury. *See* Dkt. 17 at 8. As in those cases,

3    Rosenbaum-Pyke did not suffer any concrete injury to their business or property, just the

4    disappointment that they did not sell their property to the City. *See* Dkt. 12 at 8-11.

5        Plaintiffs' assertion that proximate cause is not relevant to RICO's injury requirement

6    also is incorrect. Dkt. 17 at 7. To allege a RICO claim, a plaintiff must show that defendant's

7    RICO violation was the but for cause and proximate cause of plaintiff's injury. *Canyon Cnty. v.*

8    *Syngenta Seeds, Inc.*, 519 F.3d 969, 981 (9th Cir. 2008) ("courts must scrutinize the causal link

9    between the RICO violation and the injury, identifying with precision both the nature of the

10   violation and the cause of the injury to the plaintiff"). In a similar case, *Anza v. Ideal Steel*

11   *Supply Corp.*, 547 U.S. 451, 454-55 (2006), the plaintiff alleged injury due to a competitive

12   advantage by a competitor who failed to charge tax. The *Anza* court determined that proximate

13   cause was absent due to the attenuation between the alleged RICO violation (defrauding the

14   state) and the claimed harm (competitive disadvantage to plaintiff due to lower prices). *Id*. at

15   458. Similarly, Plaintiffs' claim that Medina and Smith defrauded the City is too attenuated from

16   their claim that Plaintiffs were injured when they did not sell their property to the City. Plaintiffs

17   attempt to distinguish *Anza* solely on the basis that it concerns proximate cause and, thus, fail to

18   explain how they satisfy the RICO proximate cause requirement. Dkt. 17 at 7-8.

19       Plaintiffs also fail in their belated attempt to recast their failure to sell their property as

20   one for a lost "bidding opportunity" in a competitive bidding process. Importantly, the

21   Complaint does not allege any government "tender for development land," as Plaintiffs now

22   characterize it. *See* Dkt. 17 at 2, 5. Nor does the Complaint allege that Rosenbaum-Pyke

23   "offered" or "bid" their property to the City. *Id*. Rather, the Complaint alleges that the City

24   considered acquisition of Rosenbaum-Pyke's Yaquina property on several occasions, but did not

25   purchase it. Dkt. 1-3, ¶¶ 15, 21, 26. In fact, rather than alleging any bid by Plaintiffs, the

26   Complaint alleges that Defendant Smith offered to purchase Rosenbaum-Pyke's property at one

27   point (which offer Rosenbaum-Pyke apparently did not accept). *Id*., ¶ 31. Thus, the Complaint

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

itself confirms that Rosenbaum-Pyke did not sell their property to the City for any number of reasons, including that they did not accept the City's offer.

Regardless, the City's decision as to whether to purchase real estate does not qualify as a competitive bidding process. Competitive bidding is a term of art that contemplates a regulated, closed universe that culminates in award of a contract. *See, e.g.,* RCW 39.26.010 (defining "competitive solicitation" for state agencies as "a documented formal process providing an equal and open opportunity to bidders and culminating in a selection based on predetermined criteria"); *see also* RCW 39.04.105 (municipal process for providing bids, executing contract, bid protests). Plaintiffs identify no authority for the proposition that a city's purchase of real estate is governed by competitive bidding. It is not. Code cities like Bainbridge Island have the fundamental power to acquire real property. RCW 35A.11.010, .020. There is no competitive bidding process that applies to the City's selection of property for its police-court facility and, thus, Plaintiffs cannot rely on allegations that they lost out on a bidding opportunity as their claimed injury in this case.

Plaintiffs rest their RICO injury argument exclusively[4] on competitive bidding cases that do not govern the outcome here. *See* Dkt. 17 at 5-6. For example, in *Phoenix Bond & Indem. Co. v. Bridge*, 477 F.3d 928, 930-31 (7th Cir. 2007), *aff'd* 553 U.S. 639 (2008), the Seventh Circuit held plaintiffs suffered an injury because defendants' alleged conduct necessarily reduced defendant bidders' chance of winning and that proximate cause was satisfied because plaintiffs, not the government, were the immediate victims of defendants' conduct. Unlike in *Bridge* and the other competitive bidding cases, there is no necessary winner in a real estate purchase decision, as the City could have decided not to purchase any property. Moreover, the City, not Plaintiffs, was the immediate victim of Medina and Smith's alleged RICO violations. Plaintiffs do not cite a single case recognizing a RICO injury for the lost opportunity to *sell* something to a government. Rather, in every cited case, plaintiffs lost the opportunity from a government to *buy* something or *win* a services contract. Rosenbaum-Pyke lack standing for their RICO claim.

---

[4] The only non-competitive bidding case, *Southern Intermodal Logistics, Inc. v. D.J. Powers Co., Inc.*, 10 F. Supp. 2d 1337, 13439 (S.D. Ga. 1998), is a "Georgia RICO-based action" that has no bearing on a federal RICO claim.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

b.  **Pollock Cannot State an Injury or Establish Proximate Cause.**

Plaintiffs do not dispute that legal fees incurred to bring a RICO claim cannot constitute a RICO injury. Dkt. 17 at 10; *see also Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1204 (C.D. Cal. 2008) (rejecting plaintiffs' claimed RICO injury "that they have been damaged in having to hire attorneys before bringing this action and [in] bring[ing] this action ... and will have to incur attorneys['] fees to stop the wrongful acts of defendants" (internal quotations omitted)). Plaintiff Pollock's claimed injury here is even more attenuated. He claims injury from the $8,000 he allegedly spent in legal fees to pursue an unsuccessful Ethics Complaint under the Bainbridge Ethics Code against Medina. Dkt. 1-3, ¶ 50. But the Ethics Complaint, which Pollock voluntarily filed, alleged that Medina benefitted from a City contract, disclosed information from executive session, and violated public disclosure laws. Dkt. 12-1 at 1-3. The Ethics Complaint did not pertain to alleged RICO violations of bribery or fraud. *See id.*; Dkt. 12 at 12. Moreover, the Ethics Complaint was dismissed as not credible. Dkt. 12-1 at 6-8.

Plaintiffs' cited cases are inapposite, as they all concern circumstances where a plaintiff had to respond to separate, improper proceedings initiated by the defendant. *See, e.g., Handeen v. Lemaire*, 112 F.3d 1339, 1354 (8th Cir. 1997) (defendant brought fraudulent bankruptcy claims against plaintiffs); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1085 (C.D. Cal. 2009) (defendant initiated bad faith police investigation against plaintiff); *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1166 (2d Cir. 1993) (legal fees incurred responding to defendants' frivolous lawsuits were RICO injury). Here, Plaintiff Pollock initiated the proceedings. Thus, they were not proximately caused by any RICO violation and cannot constitute a RICO injury.

c.  **BTU Cannot Assert Taxpayer Standing.**

Plaintiffs concede that, generally, taxpayer RICO standing does not exist. Dkt. 17 at 10; *see also* Dkt. 12 at 11-12. Instead, they rely on a single case, *Carter v. Berger*, 777 F.2d 1173, 1178 (7th Cir. 1985), to argue taxpayers could have standing when a government is under the "continuing control or influence of the defendant or his henchmen." *Id*. But *Carter* held that the taxpayer plaintiffs lacked RICO standing. *Id*. And Plaintiffs cite no case where a court actually

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

held that taxpayers have RICO standing based on a "continuing control" theory. In fact, a recent case held that taxpayers lacked standing to bring a RICO claim against defendants who bribed the state treasurer. *Illinois ex rel. Ryan v. Brown*, 227 F.3d 1042, 1046 (7th Cir. 2000) (taxpayer injury too remote to support standing). The plaintiffs demanded the Attorney General pursue all wrongdoers, but he refused, suggesting the state was under the continuing control of the scheme. *See id*. at 1044. Still, the *Brown* court dismissed for lack of standing. *Id*. at 1046. Regardless, Plaintiffs cannot allege any basis for continuing control here, as they concede Medina and Smith are no longer City officials. Dkt. 1-3, ¶¶ 6, 7. Plaintiffs can establish no basis for this Court to depart from the rule that taxpayers lack standing to bring RICO claims.

### 2. Plaintiffs Cannot Allege Any Predicate Acts for Their RICO Claims.

#### a. Plaintiffs Do Not Allege Bribery.

Plaintiffs concede they cannot base their RICO claims on state law predicate acts other than bribery. *See* Dkt. 12 at 15 (moving to dismiss portions of RICO claims based on ethics statutes). And with respect to the bribery, Plaintiffs rest on their conclusory allegations, which merely restate the statutory elements. Dkt. 12 at 12. The only Complaint allegations regarding bribery are that "Medina offered or conferred pecuniary benefits upon Smith" in violation of RCW 9A68.010(1)(a) (element is "offers, confers, or agrees to confer any pecuniary benefit upon such public servant"); that "Medina offered, paid, or agreed to pay compensation to Smith for assistance in promoting the Harrison Proposal" in violation of RCW 9A.68.030(1)(b) (element is "offers, pays, or agrees to pay compensation to a public servant"); and that "Medina and Smith accepted pecuniary benefits pursuant to an agreement or understanding that they would help secure the Harrison Proposal" in violation of RCW 9A.68.050(1)(b) (element is "requests, accepts, or agrees to accept any pecuniary benefit pursuant to an agreement or understanding"). The Complaint contains no factual allegations regarding bribery and the allegations Plaintiffs identify in their Opposition (regarding Medina's alleged financial relationship with Harrison and Medina and Smith's alleged conspiracy to conceal that relationship) have nothing to do with bribery. Dkt. 17 at 13. Plaintiffs' "[b]are assertions ...

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

amount[ing] to nothing more than a formulaic recitation of the elements" of a claim cannot survive a motion to dismiss. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Contrary to Plaintiffs' assertions, Defendants' do not argue that Plaintiffs' bribery claim is subject to a heightened pleading standard. But that does not mean no pleading standard applies. *See* Dkt. 12 at 6. A mere conclusory statement that Medina and Smith "accepted pecuniary benefit" does not provide sufficient notice of the nature of Plaintiffs' claim. "[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). This Court should dismiss Plaintiffs' unsupported and meritless claim for bribery.

### b. Plaintiffs Do Not Allege Any Use of Mail or Wire.

As with their bribery allegations, Plaintiffs' allegations of mail and wire fraud consist entirely of conclusory recitations of claim elements. Dkt. 1-3, ¶ 45(e), (f), (g). And the Opposition fails to identify any facts Plaintiffs could allege regarding mail or wire use. *See* Dkt. 17 at 13-14 (summarizing facts Plaintiffs contend they allege, without any discussion of mail or wire use). Rather, all of the facts identified concern alleged misrepresentations Plaintiffs contend occurred at City Council meetings. *See id.* Even construing these allegations in the light most favorable to Plaintiffs, the Court cannot reasonably construe that mail or wire use was involved.

While Plaintiffs concede their fraud allegations are subject to a heightened pleading standard, they contend their ***mail and wire*** fraud claims are not. Dkt. 17 at 14. They are wrong. Two of the cases on which Plaintiffs rely, *Schmuck v. United States*, 489 U.S. 705, 710-711 (1989) and *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004), do not specifically discuss pleading requirements for mail and wire use. In the final case, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010), the plaintiffs made far more specific allegations of mail and wire use than Plaintiffs do here, yet the claim was still dismissed for lack of particularity. *Id.* ("Complaint generally alleges that MWI mailed membership kits to consumers," but dismissal was affirmed because plaintiffs "failed to allege any specific mailings."). All applicable authority confirms the requirement specifically to allege use of mail or wire. *See, e.g.*, *Lancaster Cmty.*

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS - 7
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff failed to specify "specific mailings" as opposed to "generalized" use of mail); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (allegation of "engaging on two or more occasions the use of the United States mail" was "not sufficiently particular to satisfy Rule 9(b)"). Moreover, even if Plaintiffs were correct (and they are not) that mail and wire use is not subject to the heightened pleading standard, Plaintiffs' conclusory recitation of claim elements does not even satisfy the general pleading standard. *See* Section II(B)(2)(b).

Finally, Plaintiffs' Travel Act claim, is predicated entirely on Plaintiffs' bribery and improper mail use claims. Dkt. ¶ 45(g) ("Medina and Smith used the mails to distribute the proceeds of an unlawful activity—specifically, bribery").[5] Thus, the Travel Act claim fails for the same reasons. *See, e.g., FindTheBest.com, Inc. v. Lumen View Tech. LLC*, 20 F. Supp. 3d 451, 460 (S.D.N.Y. 2014) (where Travel Act claim mirrored "extortion, mail fraud, and wire fraud claims" and plaintiff "failed to state a claim for a violation of those predicate acts, [the] Travel Act claim fails as well."). The Court should dismiss Plaintiffs' mail and wire use claims.

### 3. Plaintiffs Fail to Allege a Pattern of Racketeering Activity.

Plaintiffs do not dispute that they must allege a pattern of continuing criminal activity. Dkt. 12 at 17. Straining to meet this requirement, Plaintiffs attempt to characterize their allegations relating to three discrete City Council meetings in March 2018 and January 2019, as "a corrupt scheme spanning from 2017 to 2020." Dkt. 17 at 15. Yet Plaintiffs identify no allegations in the Complaint to support this, other than preparation of cost estimates and price negotiations, neither of which qualify as RICO violations. *Id*. As discussed above, in Section II(B)(2)(a), (b), Plaintiffs do not identify even one predicate act of bribery or mail fraud, let alone a pattern. Moreover, Plaintiffs completely fail to address the requirement for at least some "threat of continuing activity." *Schreiber*, 806 F.2d at 1399. Plaintiffs allege no RICO violations after 2019, and do not dispute that Medina and Smith no longer work for the City. Dkt. 1-3, ¶¶ 6-7, 26. Plaintiffs' RICO claims should be dismissed for this independent reason.

---

[5] Plaintiffs are incorrect that the Motion to Dismiss does not address this claim. *See* Dkt. 12 at 15.

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS - 8
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

### 4. No Nexus to Interstate Commerce Exists.

2

Plaintiffs claim that a formulaic assertion that mails were used is sufficient to satisfy the

3

requirement for a nexus to interstate commerce. Dkt. 17 at 16.[6] They are wrong. The out-of-

4

circuit authorities on which they rely all presume properly pleaded mail fraud claims, and many

5

include other interstate commerce connections. *See id.* As discussed above, in Section

6

II(B)(2)(b), Plaintiffs fail to meet the pleading standard for mail fraud. Plaintiffs' Complaint

7

must allow the Court "to assess the impact on interstate commerce." *Musick v. Burke*, 913 F.2d

8

1390, 1398 (9th Cir. 1990). Plaintiffs' Complaint does not identify any specific nexus to

9

interstate commerce and concerns only the internal legislative decisions of a small island city.

10

The Court should dismiss Plaintiffs' RICO claims for this independent reason.

11

### 5. Plaintiffs' RICO Conspiracy Claim Fails.

12

Because Plaintiffs' primary RICO claim fails, their conspiracy claim necessarily also

13

fails. *See* Dkt. 12 at 18 (conspiracy claim requires predicate RICO violation).

14

### C. Plaintiffs Cannot State Ethics Violation or Declaratory Relief Claims.

15

### 1. Plaintiffs' Ethics Claim Is Time Barred.

16

Plaintiffs attempt to contort their statutory ethics claim into a contract claim to avail

17

themselves of the six-year statute of limitations. But Plaintiffs' claimed ethics code violation

18

does not "arise under a written agreement" as required by RCW 4.16.040. Neither Plaintiffs nor

19

Medina are a party to the City's contract with Harrison, nor are they parties to any other contract,

20

and therefore have no contractual rights against each other that would trigger the longer

21

limitations period. The party asserting the existence of an express or implied contract bears the

22

burden of proving the essential elements of a contract, including mutual intent. *Bogle & Gates,*

23

*P.L.L.C. v. Holly Mountain Res.,* 108 Wash. App. 557, 560 (2001); *Eugster v. City of Spokane*,

24

118 Wash. App. 383, 417 (2003) (essential elements include "subject matter, parties, promise,

25

terms and conditions"). Plaintiffs allege ***none*** of the required threshold elements.

26

27

---

[6] Plaintiffs' Opposition asserts that one of the appraisers, Colliers, is an out of state corporation, Dkt. 17 at 16, n.4, but the Complaint does not contain this allegation and the citation provided does not include any information on the location of the appraiser. Nor do Plaintiffs articulate how, even if true, this would provide the required nexus.

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS - 9
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

While Plaintiffs cite *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018), to argue that statutory violations relating to a written contract can borrow the six-year limitations period in RCW 4.16.040, *Hoang* is inapposite. In that Truth and Lending Act (TILA) case, the court employed the six-year statute of limitations because the Plaintiff sought to rescind ***his loan contract*** with the bank. Plaintiffs' selectively quote *Hoang* to omit the threshold fact that the Plaintiff and the bank ***were parties to a loan agreement in writing***. *Id.* at 1101. It was on this basis that the court employed the six-year statute of limitations, not because of the mere alleged breach of the TILA. Plaintiffs cite no authority applying RCW 4.16.040 where no contract between the parties exists at all.

Moreover, even where a contract exists (unlike here), courts have repeatedly found that liability does not arise out of a written agreement within the meaning of RCW 4.16.040 when there is no written instrument specifically identifying the parties involved, or delivered to or accepted by the party charged with liability. *See e.g.*, *Central Heat, Inc. v. Daily Olympian, Inc.* 74 Wash.2d 126 (1968); *see also Hart v. Clark Cnty.*, 52 Wash. App. 113, 116 (1988) (court applied three-year statute of limitations for oral contracts where only written agreement between parties did not set forth the basis for the underlying cause of action). Here, there is no contract between Plaintiffs and Medina at all, let alone a "complete contract" that fixes their relationship and sets forth the terms of Plaintiffs' cause of action. Rather, Plaintiffs' claim is based entirely on the provisions of RCW 42.23.050. Additionally, "a statute or ordinance will not constitute a contract in writing for statute of limitations purposes, except where it is apparent that the statute or ordinance was intended as a complete contract." *Noah v. State by Gardner*, 112 Wash. 2d 841, 845 (1989); *see also Hester v. State*, 197 Wash. 2d 623, 634 (2021). Chapter 42.23 RCW contains no indication that the legislature intended to create private contractual rights for third parties via the municipal ethics code.

Plaintiffs also cannot trigger the contract statute of limitations by recasting their statutory claim as a "rescission" action. "Contract rescission is an equitable remedy in which the court attempts to restore the parties to the positions they would have occupied had they not entered

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

into the contract." *Bloor v. Fritz*, 143 Wash. App. 718, 739 (2008). Without a valid contract between the parties, there can be no "restoration" to their prior positions. By contrast, under RCW 42.23.050, a contract made in violation of the ethics code is void. In addition, violations of the statute can result in an officer being subject to other criminal or civil liability, a fine of $500, and potential forfeiture of the official's office. RCW 42.23.050. Nothing in RCW 42.23.050 creates a "rescission" cause of action for a private plaintiff and Plaintiffs cite no authority equating a void municipal action with a private claim for contract rescission.

Finally, this Court has applied the two-year catch-all statute of limitations in RCW 4.16.130 to claims arising under Washington's Open Public Meeting's Act ("OPMA"), codified at RCW 42.30.120. *Garrett v. City of Seattle*, No. C10-00094 MJP, 2010 WL 4236946, at *4 (W.D. Wash. Oct. 20, 2010). Similar to the municipal ethics code, the OPMA is another chapter of Title 42 RCW that governs the conduct of public officials and provides limited and specified remedies for violations. Like chapter 42.23 RCW, the OPMA lacks a specified statute of limitations for enforcement actions. The similar purposes, functions, and statutory structure of the OPMA and the ethics code further support applying the two-year statute of limitations to Plaintiffs' ethics claim here. Plaintiffs' ethics claim is time barred and must be dismissed.

## 2. Plaintiffs' Ethics Claim Also Fails on the Merits.

Plaintiffs also fail to allege either a direct or remote interest in any contract, as necessary for their RCW 42.23.030 claim. Dkt. 12 at 20-22. While Plaintiffs concede they do not allege that Medina had a direct interest, they contend that any remote interest violates the statute. Dkt. 18 at 20. They are wrong. Plaintiffs' allegation that Medina received a salary from a non-profit organization that received donations from Harrison employees is insufficient as a matter of law to constitute a violation. *See* Dkt. 12 at 21 (even salaried employee of ***contracting party*** not precluded from voting if steps are taken); *see also* AGLO 1973 No. 6 at 2 (no interest where contract award does not result in compensation to individual). Here, Plaintiffs do not allege that Medina was a salaried employee of a contracting party (and he was not) or that he received any compensation other than his salary. Moreover, Plaintiffs' contention that Medina separately was

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

required to disclose his non-existing interest also is incorrect. *See* Dkt. 18 at 20-21. Disclosure is required only if an officer has a direct interest and cannot vote, *see* RCW 42.23.030, or if an officer has a remote interest (e.g., is an employee of a contracting party) and intends to vote, *see* RCW 42.23.040. Again, neither applies here, because Medina had no interest in the contract between the City and Harrison under chapter 42.23 RCW. The Court should dismiss this claim.

### 3.  Plaintiffs' Request for Declaratory Relief Is Not Justiciable

Not only should Plaintiffs' request for declaratory relief be dismissed because their underlying ethics claim fails, Plaintiffs also do not allege a justiciable controversy. Dkt. 12 at 22-23 (direct and substantial interest required); *see also* Section II(B), *supra*. Plaintiffs fail in their attempt to distinguish *Yakima Cnty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wash.2d 371, 379 (1993), which held that a party "not directly affected by the agreements" lacked a sufficient interest for declaratory relief. Likewise, Plaintiffs are not directly affected by the City's agreement to purchase the Harrison Property and they fail to explain how that agreement increased taxes or violated public rights such that the taxpayer standing cases on which they rely would have any bearing on this issue.

Recognizing their justiciability problem, Plaintiffs attempt to rely on the "issue of public importance" exception. Dkt. 17 at 22. But they fail to discuss the standard for applying that exception set forth in the case on which they rely, which is whether the issue 1) affects "every municipality in the state" and 2) "is a question of law that requires no further factual development." *City of Edmonds v. Bass*, 16 Wash. App. 2d 488, 497, *aff'd*, 199 Wash. 2d 403 (2022) (concluding that challenge to "whether a municipality has the authority to enact gun regulations" "presents an issue of significant public interest"). Neither factor is present here. This case will have no impact outside Bainbridge Island and Plaintiffs identify no issue requiring further factual development. Plaintiffs' request for declaratory relief should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims with prejudice.

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS - 12
Case No. 3:22-cv-05491 TL

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    DATED this 5ᵗʰ day of August, 2022.

2                                            PACIFICA LAW GROUP LLP

3                                            *s/ Jessica A. Skelton*
                                             Jessica A. Skelton, WSBA #36749
4                                            Shweta Jayawardhan, WSBA #58490

5                                            *Attorneys for Defendants City of Bainbridge*
                                             *Island, Kolby Medina and Morgan Smith*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on this 5th day of August, 2022, I electronically filed the foregoing

4    document with the Clerk of the United States District Court using the CM/ECF system which

5    will send notification of such filing to all parties who are registered with the CM/ECF system

6    including counsel for plaintiffs listed below.

7    Bradley P. Thoreson                              Joshua M. Robbins
     Alexandra M. Shulman                             BUCHALTER
8    BUCHALTER                                        jrobbins@buchalter.com
     bthoreson@buchalter.com
9    ashulman@buchalter.com

10

11

12        DATED this 5th day of August, 2022.

13

14

15

16                                                    _____

17                                                         Sydney Henderson

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750